RICHARD L HOLCOMB (HI Bar No. 9177)
Holcomb Law, A Limited Liability Law Corporation
1136 Union Mall, Suite # 808
Honolulu, HI  96813
Telephone: (808) 545-4040
Facsimile: (808) 356-1954
Email: rholcomblaw@gmail.com

ALAN BECK (HI Bar No. 9145)
Attorney at Law
4780 Governor Drive
San Diego, California 92122
Telephone: (808) 295-6733
Email:  ngord2000@yahoo.com

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Steve Fotoudis, | ) CASE NO. _____ |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| City and County of Honolulu; | ) VERIFIED COMPLAINT FOR |
| | ) DEPRIVATION OF CIVIL RIGHTS, |
| Lois Kealoha, Chief of the Honolulu | ) DAMAGES, DECLARATORY AND |
| Police Department, in his individual | ) INJUNCTIVE RELIEF |
| capacity; | ) |
| | ) |
| David Louie, Attorney General of | ) |
| Hawaii, in his individual and official | ) |
| capacity; | ) |
| | ) |
| and, John Does 1-50 in their individual | ) |
| or official capacities. | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

1

## VERIFIED COMPLAINT

COMES NOW the Plaintiff, STEVE FOTOUDIS, by and through his undersigned counsel, and complain against Defendants CITY AND COUNTY OF HONOLULU, CHIEF LOIS KEALOHA and JOHN DOEs 1-50 as follows:

## INTRODUCTION

1.     This is an action to vindicate Plaintiff's rights under the Second and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. § 1983, and the Constitution and laws of the State of Hawaii.  Defendants have violated Plaintiff's federal constitutional rights.  Mr. Fotoudis seeks declaratory judgment, injunctive relief, and damages as well as attorneys' fees and costs.

2.     This action arises from Defendants' actions in refusing Mr. Fotoudis, a permanent resident of the United States, an opportunity to apply, pursuant to Hawaii law, to exercise his right to possess firearms, within his home, for the purpose of self-defense and for other protected purposes.  This action further challenges Section 134-2(d) of the Hawaii Revised Statutes, which prohibits lawfully admitted aliens from obtaining permits that would allow them to possess firearms in the home for the purpose of self-defense and for other protected purposes.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343, 2201, and 2202.

4.      This Court has personal jurisdiction over Defendant City and County of Honolulu as it is a government entity, more specifically a municipal corporation incorporated under the laws of the State of Hawai'i, located in Hawai'i.

5.     This Court has personal jurisdiction over Defendant Lois Kealoha, Chief of the Honolulu Police Department, because he acted under the color of laws, policies, customs, and/or practices of himself individually and/or the City, and/or because he acted within the geographic confines of the State of Hawaii.

6.     This Court has personal jurisdiction over Defendant David M. Louie, Attorney General for the State of Hawaii, because he acted under the color of laws, policies, customs, and/or practices of himself individually and/or the State of Hawaii, and/or because he acted within the geographic confines of the State of Hawaii.

7.     This Court also has personal jurisdiction over each of the John Doe Defendants because they, inter alia, acted under the color of laws, policies, customs, and/or practices of the City and County of Honolulu and/or within the geographic confines of the State of Hawaii.

8.     Venue is proper pursuant to 28 U.S.C. § 1391.

## **Parties**

9.     Plaintiff  Steve Fotoudis is a permanent resident of the United States, who at all material times herein did reside in the County of Honolulu, Hawaii.

10.     Defendant City and County of Honolulu ("City") is a municipal corporation incorporated under the laws of the State of Hawaii. The Honolulu Police Department is a Division or Department of the City.  The City is ultimately responsible for the Honolulu Police Department and its actions, and therefore, must assume the risks incidental to the maintenance of these agencies and their employees.

11.     Defendant Lois Kealoha is sued in his individual capacity as a City official and/or employee who supervised, oversaw, and/or participated in the violation of Mr. Fotoudis' rights as described below.  Defendant Lois Kealoha is responsible for developing and/or enforcing his own and/or the City's policies, customs, or practices which discriminate against lawfully admitted resident aliens, including Mr. Fotoudis.

12.     Defendant David M. Louie is sued in his official and individual capacity as Attorney General of the State of Hawaii.  Defendant Louie is the chief legal officer and chief law enforcement officer for the State of Hawaii.  Defendant Louie, as Attorney General, is tasked by Hawaii law to comply with, enforce, and/or defend that laws at issue.

13.   Defendants John Doe 1-50 are sued in both their personal and official capacity as City officials and/or employees who have supervised, overseen, or participated in the conduct described below.  John Doe 1-50 are responsible for refusing to allow Mr. Fotoudis to apply for a permit pursuant to Hawaii law which would allow him to purchase and/or possess a firearm within the confines of his home.  Defendants John Doe 1-50, because of their actions, are accordingly liable to Mr. Fotoudis for damages and other relief as set forth in this Complaint.

14.   Mr. Fotoudis has reviewed all documents and video evidence available to him and has made a diligent and good faith effort to ascertain said persons' full names and identities; however, Plaintiff has been unable to ascertain the identities of said Defendants. The names, capacities, and relationships of defendants named as Doe Defendants will be alleged by amendment to this Complaint when they are revealed and thus properly identified.  .

15.   Mr. Fotoudis reserves the right to petition this Court to amend this Complaint to add such parties as their true identities and capacities are ascertained through discovery or otherwise.

## **Applicable State Law**

16.   Pursuant to Hawaii law, no person may purchase, inherit, import or otherwise acquire possession of a firearm without obtaining a permit from the Chief of Police.  Haw. Rev. Stat. § 134-2(a).

17.    Section 134-2(d) may be read to prohibit the issuance of permits to non-citizen applicants.  However, the Chief of Police "may issue permits to aliens of the age of eighteen years or more for use of rifles and shotguns for a period not exceeding sixty days" if the applicant has obtained a hunting license, and the chief may also "issue permits to aliens of the age of twenty-one years or more for use of firearms for a period not exceeding six months, upon a showing that the alien is in training for a specific organized sport-shooting contest to be held within the permit period."  Haw. Rev. Stat. § 134-2(d).  "The attorney general shall adopt rules, pursuant to chapter 91, as to what constitutes sufficient evidence that an alien is in training for a sport-shooting contest."  *Id.*

18.    There is no exception allowing for the issuance of a permit for an alien who is a permanent resident and wishes to possess a firearm within his home for the purpose of self-defense.

19.    It is a crime to possess a firearm and/or ammunition in Hawaii without the permit contemplated by Section 134-2.  Haw. Rev. Stat. § 134-17.

### Mr. Fotoudis is qualified to possess firearms for lawful purposes.

20.    Mr. Fotoudis is and was at all material times herein domiciled in Hawaii. Mr. Fotoudis has no intention of leaving Hawaii.

21.    At all material times, Mr. Fotoudis was a lawfully admitted resident alien of the United States and possessed a green card.  **Exhibit One**.

22.     Mr. Fotoudis also possesses a United States social security card.   **Exhibit Two**.

23.     Mr. Fotoudis has taken and is continuing to take all necessary steps to become a naturalized United States citizen.  The only requirement that he has not yet met to become a fully naturalized citizen is the five year continuous residency requirement.

24.     Mr. Fotoudis is employed as the Hawaii state sales manager for Wash Multi Family Laundry Systems in Hawaii.  Mr. Fotoudis pays city, state and federal taxes.

25.     Mr. Fotoudis wishes to possess an operational firearm(s) and ammunition in his home for the purpose of self-defense, and to enjoy the use of said firearm(s) for other lawful purposes, including sport-shooting, in non-sensitive places.

26.     Before moving to Hawaii, Mr. Fotoudis was a competitive shooter in Australia.  Mr. Fotoudis was an active member in a club of competitive shooters, has had extensive training in firearms use and safety, and has safely and lawfully possessed a number of firearms in Australia for many years.

27.     Mr. Fotoudis held firearms licenses in Australia since 1996.  **Exhibit Three**. Before obtaining his Australian firearms license, Mr. Fotoudis was required to successfully undergo an extensive investigation of his background, fitness, and qualifications to possess firearms.

28.     On February 8, 2012, Sergeant D. Gibson with the South Australian Police wrote a letter on behalf of Mr. Fotoudis stating that Mr. Fotoudis is a "fit and proper person" to hold a firearms license.  **Exhibit Four**.  The letter goes on to identify several licenses that Mr. Fotoudis held in Australia.  **Exhibit Four**.

29.     Mr. Fotoudis has never been convicted of a crime.

30.     Mr. Fotoudis is not a fugitive.

31.     Mr. Fotoudis has no mental illnesses or defects.

32.     Mr. Fotoudis does not and never had any temporary restraining order issued against him.

33.     Mr. Fotoudis has never committed domestic or any other act of violence.

34.     Mr. Fotoudis is not and has never been addicted to mind-altering substances and does not use illegal mind-altering substances.

35.     Mr. Fotoudis is not addicted to and does not drink alcohol in excess.

36.     Mr. Fotoudis is fit and qualified to possess a firearm pursuant to the laws of the United States and of Hawaii.

37.     The only fact that disqualifies Mr. Fotoudis from obtaining a permit pursuant to Section 134-2 of the Hawaii Revised Statutes is that he is not yet a fully naturalized citizen.

## **Mr. Fotoudis was not permitted to apply for a permit.**

38.     At the HPD's main station on Beretania (and Alapai) Street, there is a window where the public may obtain forms from HPD representatives and apply for firearms permits.  During designated hours, the window is open to the public.

39.     United States citizens are routinely permitted to obtain and/or submit applications at the window at HPD's main station.  If the citizen applicant is found to be fit and qualified pursuant to Hawaii law, the citizen applicant is issued a permit as contemplated by Section 134-2 of the Hawaii Revised Statutes.

40.     On July 10, 2014 at approximately 1:00 p.m., Mr. Fotoudis went to the window at the Honolulu Police Department and informed the HPD representative that he wished to apply for a permit to acquire a firearm.

41.     When Mr. Fotoudis informed the HPD representative (Officer "Prado") that he wished to apply for a permit to acquire, Officer Prado requested identification from Mr. Fotoudis.

42.     Mr. Fotoudis supplied Officer Prado with his green card, his social security card, and his Australian passport.

43.     Officer Prado and/or another officer standing at the adjacent window told Mr. Fotoudis that he could not apply because he was not yet a citizen of the United States.

44. Neither officer inquired as to whether Mr. Fotoudis had a hunting license or was training for a sport-shooting contest.

45. Mr. Fotoudis was not permitted to apply for a permit to acquire a firearm

46. Mr. Fotoudis is unable to acquire or possess a firearm for self-defense or any other lawful purpose.

**Mr. Fotoudis has suffered damages and will**
**continue to suffer damages if the permit does not issue.**

47. Because Defendants would or will not issue Mr. Fotoudis the permit pursuant Section 134-2, Mr. Fotoudis has had to sell 29 firearms and two firearms accessories at a significant financial loss. Comparing the replacement value of these items with the amount for which the items were sold, Mr. Fotoudis estimates his losses to be approximately $18,370.

48. Mr. Fotoudis currently owns seven rifles and two handguns.

49. Before he moved to Hawaii, Mr. Fotoudis sold the vast majority of his firearms and only retained those that he finds "irreplaceable" because of the sentimental value he attaches to those firearms.

50. Because Defendants will not even allow Mr. Fotoudis to apply for the permit that would allow him to possess those firearms in Hawaii, Mr. Fotoudis is forced to keep those firearms in Australia. Those firearms are now stored in a safe at Mr. Fotoudis' father's house.

51.     Mr. Fotoudis' father wants the safe removed from his house as soon as possible.

52.     Mr. Foutoudis' Australian firearms permit expires on December 31, 2014, at which time Mr. Fotoudis' firearms must be removed from Mr. Foutodis' father's house.

53.     Upon the expiration of the Australian permit, Mr. Fotoudis will be forced to either sell the firearms or, alternatively, pay Australian officials an exorbitant storage fee to keep the firearms on Mr. Fotoudis' behalf.

54.     Mr. Fotoudis cannot afford to pay the fee for each of his remaining firearms and will likely be forced to sell some if not all of the "irreplaceable" firearms.

### Defendants' Policies Prevent
### Resident Aliens from Exercising Second Amendment Rights

55.     In 2011, Mr. Fotoudis inquired with the HPD about his ability to bring his firearms from Australia to Hawaii.

56.     On December 6, 2011, Mr. Fotoudis received an e-mail from Sergeant D. Paperd of the Honolulu Police Department's Firearms Unit.  The e-mail states, in relevant part:

> You may bring firearms into the State, you must register them within 72 hours of your arrival.  However [sic] Hawaii State law requires you to be a U.S. citizen with a U.S. passport or Naturalization certificate.

**Exhibit Five**.

57.    It is the Defendants' policy, custom, and/or practice to prohibit permanent residents living in Honolulu from applying to acquire or possess firearms in their homes for the purpose of self-defense and pursuant to Section 134-2 of the Hawaii Revised Statutes.

58.    It is Defendants' policy, custom, and/or practice to prohibit permanent residents living in Honolulu from applying to acquire or possess firearms for hunting or training for sport-shooting contests and pursuant to Section 134-2 of the Hawaii Revised Statutes even in the limited circumstances contemplated by Section 134-2(d) of the Hawaii Revised Statutes.

59.    Defendant Kealoha has authority to make policy and has trained or caused HPD representatives to be trained to refuse resident aliens the opportunity to apply to acquire or possess firearms pursuant to Section 134-2 of the Hawaii Revised Statutes.

60.    Defendant Louie has failed to promulgate standards to ensure that resident aliens rights are upheld and/or that resident aliens seeking to exercise Second Amendment rights are not discriminated against.

## FIRST CAUSE OF ACTION

### Violation of Second Amendment

61.    Paragraphs 1 through 60 are incorporated as though fully stated herein.

62.   Mr. Fotoudis has the constitutional right to keep and possess firearms in his home for the purpose of self-defense.

63.   Mr. Fotoudis has the constitutional right to keep and possess firearms in other non-sensitive places for protected and lawful purposes such as sport-shooting, training, and hunting.

64.   Defendants' refusal to allow Mr. Fotoudis to obtain and/or even apply for a permit, the sole means by which he could be permitted to lawfully keep and possess a firearm in his home and/or in non-sensitive places for protected purposes, violates Mr. Fotoudis' individual right to possess firearms and ammunition for defense of hearth and home, an individual right guaranteed by the Second Amendment to the United States Constitution.

65.   Mr. Fotoudis has been damaged by Defendants' conduct and stands to suffer further significant damages should the conduct continue.

66.   The current cause of action is within this Court's jurisdiction pursuant to 42 U.S.C. § 1983.

## SECOND CAUSE OF ACTION

### Violation of Equal Protection of the Law

67.   Paragraphs 1 through 60 are incorporated as though fully stated herein.

68.   The citizenship requirements contained in Section 134-2(d) of the Hawaii Revised Statutes and all other Hawaii statutory language, which restrict lawfully

admitted aliens from exercising their fundamental firearms rights and privileges based on citizenship, on their face and as applied, are unconstitutional denials of equal protection of the laws and are in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

69.     The refusal to permit Mr. Fotoudis from applying for a permit pursuant to Section 134-2 because Mr. Fotoudis is a lawfully admitted permanent resident alien rather than a fully naturalized citizen also violates Mr. Fotoudis' rights guaranteed by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

70.     Mr. Fotoudis has been damaged by Defendants' conduct and stands to suffer further significant damages should the conduct continue.

71.     The current cause of action is within this Court's jurisdiction pursuant to 42 U.S.C. § 1983.

## THIRD CAUSE OF ACTION

### Due Process Violation

72.     Paragraphs 1 through 60 are incorporated as though fully stated herein.

73.     Insofar as Section 134-2 of the Hawaii Revised Statutes and its ancillary provisions could be interpreted to provide minimal due process protections, Mr. Fotoudis was not permitted to participate in that procedure.

74.     Mr. Fotoudis was prohibited from even applying for a permit pursuant to Section 134-2 of the Hawaii Revised Statutes. Accordingly, any due process protections that may have been afforded were withheld from Mr. Fotoudis. Preventing Mr. Fotoudis from participating in the statutorily contemplated procedures constitutes a violation of due process as guaranteed by the Fourteenth Amendment.

75.     Mr. Fotoudis has been damaged by Defendants' conduct and stands to suffer further significant damages should the conduct continue.

76.     The current cause of action is within this Court's jurisdiction pursuant to 42 U.S.C. § 1983.

## ON ALL COUNTS

77.     Paragraphs 1 through 60 are incorporated as though fully stated herein.

78.     A controversy exists as to whether the citizenship requirements contained in Section 134-2(d) of the Hawaii Revised Statutes are unconstitutional.

79.     A declaration from this Court would settle this issue.

80.     A declaration would also serve a useful purpose in clarifying the legal issues in dispute.

81.     The Plaintiffs seek a declaration that the citizenship requirements contained in Section 134-2(d) of the Hawaii Revised Statutes are unconstitutional.

82.     In the absence of an injunction, the citizenship requirements of Section 134-2(d) of the Hawaii Revised Statutes would continue to be enforced and would prevent Mr. Fotoudis (and all lawfully admitted aliens residing in Hawaii) from successfully obtaining a permit allowing him to possess a firearm and ammunition for defense of hearth and home or in other non-sensitive places for protected purposes.

83.     Mr. Fotoudis will continue to suffer irreparable injury if the Court does not issue an injunction.  Mr. Fotoudis will suffer further financial damages if he is not issued a permit before December 31, 2014.

84.     There is no adequate remedy at law because only an injunction would allow Mr. Fotoudis to obtain a permit allowing him to possess a firearm and ammunition for defense of hearth and home or in other non-sensitive places for protected purposes.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Court:

1.     Enter a declaratory judgment that Section 134-2(d) and all other Hawaii statutory language that restricts lawfully admitted permanent resident aliens firearms rights and privileges based on citizenship, are null and void because they (a) infringe on the right of the people to keep and bear arms in violation of the Second and Fourteenth Amendments to the United States Constitution; and (b)

violate equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution;

2.      Issue preliminary and permanent injunctions enjoining Defendants and their political subdivisions, officers, agents, and employees from enforcing the United States citizenship requirements of Section 134-2(d) of the Hawaii Revised Statutes and any other Hawaii statutory language that imposes a United States citizenship requirement which operates to restrict lawfully admitted permanent resident aliens from exercising Second Amendment rights;

3.      Issue preliminary and permanent injunctions compelling Defendants and their political subdivisions, officers, agents, and employees to:  (a) allow Mr. Fotoudis to apply for a permit pursuant to Section 134-2 of the Hawaii Revised Statutes; (b) to promptly and meaningfully evaluate, with no more or less scrutiny than would be applied to a citizen applicant, Mr. Fotoudis' application and background to determine his fitness and qualifications to lawfully keep firearms; and, (c) insofar as Mr. Fotoudis is determined to be fit and qualified to keep firearms, to immediately thereafter issue to Mr. Fotoudis the permit contemplated by Section 134-2, vesting Mr. Fotoudis with the same rights and privileges to keep and possess firearms as those of a United States citizens who obtains a permit pursuant to Section 134-2;

4.      Award compensatory and/or special damages;

5.      Grant such other and further relief against any or all Defendants, as may be necessary to effectuate the Court's judgment, or as the Court otherwise deems just and equitable; and

8.      Award attorneys' fees, statutory fees and costs pursuant to 42 U.S.C. § 1988.

Dated: Honolulu, HI; July 23, 2014.

Respectfully submitted,

*s/Richard L. Holcomb*
Richard Holcomb
Attorney for Plaintiff