LETTER

DEPARTMENT OF THE CORPORATION COUNSEL
# CITY AND COUNTY OF HONOLULU
530 SOUTH KING STREET, ROOM 110 * HONOLULU, HAWAII 96813
PHONE: (808) 768-5193 * FAX: (808) 768-5105 * INTERNET: www.honolulu.gov



KIRK CALDWELL
MAYOR

DONNA Y. L. LEONG
CORPORATION COUNSEL

PAUL S. AOKI
ACTING FIRST DEPUTY CORPORATION COUNSEL

August 5, 2014

**VIA COURT'S ORDER EMAIL - seabright_orders@hid.uscourts.gov**

The Honorable J. Michael Seabright
Judge, United States District Court
District of Hawaii
300 Ala Moana Boulevard, Room C435
Honolulu, Hawaii 96850

Your Honor:

    Re:   Fotoudis v. City and County of Honolulu, et al.,
            Civil No. CV 14-00333 JMS-RLP

    The following updates the Court on the parties' discussions as well as a suggested course of action to resolve the above-referenced case.

    At the status conference held on July 30, 2014, counsel and the Court discussed whether the Verified Complaint for Deprivation of Civil Rights, Damages, Declaratory and Injunctive Relief (Complaint) presented a case or controversy regarding Plaintiff's ability to register firearms in Hawaii that he already owned and were currently located in Australia. At that time, Deputy Attorney General Kendall Moser indicated his preliminary understanding that Plaintiff was entitled to register such firearms pursuant to Haw. Rev. Stat. § 134-3. Related to that subject, counsel also discussed whether Plaintiff intended to apply for a permit to acquire firearms pursuant to Haw. Rev. Stat. § 134-2(d), and if so, whether an amendment to the Complaint was required to so reflect these facts. The Court instructed the parties to discuss the registration issue further and determine whether this issue could be resolved prior to the hearing on Plaintiff's Motion for Temporary Restraining Order. In the event the parties could not reach an agreement on this issue, the Court set a briefing and hearing schedule for Plaintiff's Motion for Temporary Restraining Order and First Motion for Preliminary Injunction.

    After the status conference, counsel for Plaintiff indicated that Plaintiff in fact wanted to apply for a permit to acquire firearms pursuant to Haw. Rev. Stat. § 134-2(d).

The Honorable J. Michael Seabright
August 5, 2014
Page 2

      Consistent with the Court's EP minutes entered on 07/30/2014 (CM/ECF Doc. No. 21), on August 4, 2014, the parties spoke with your law clerk and advised him that the parties agreed that pursuant to Haw. Rev. Stat. § 134-3, on its face, Plaintiff is entitled to register his firearms in Hawaii that are located currently in Australia. To that end, the parties believe that the subject matter of the August 8, 2014 hearing has been resolved.

      The parties also suggested a course of action to address Plaintiff's application for a permit to acquire a firearm pursuant to Haw. Rev. Stat. § 134-2(d) without the need to amend the Complaint and the request for temporary injunctive relief, or to brief and argue such amended motion.

      Specifically, for various reasons, the State and City request that the Court issue an order on the constitutionality of Haw. Rev. Stat. § 134-2(d). However, to present the issue to the Court in the most expeditious and efficient manner so as to minimize the Court's and the parties' time and attorneys' fees, the parties will agree to submit a short set of stipulated facts. Based on those facts, the parties respectfully request that the Court determine the constitutionality of Haw. Rev. Stat. § 134-2(d). The parties agree to submit the stipulated facts within one week of the date of this letter.

      The parties would also like to include an agreed-to amount for attorneys' fees in the order in the event the Court concludes that Plaintiff has prevailed in his challenge to the constitutionality of Haw. Rev. Stat. § 134-2(d). The precise amount, however, remains the subject of on-going discussion between counsel at this time. It is hoped that an agreement on the amount of attorneys' fees is reached before the stipulated facts are presented to the Court.

      Finally, the parties understand that Plaintiff will complete the application for a permit to acquire firearm within the next two (2) weeks and will submit it to the Honolulu Police Department once and if the Court issues an order that holds the relevant statute unconstitutional. In that event, the application will be processed in the normal course (i.e., "no . . . earlier than fourteen calendar days after the date of the application." Haw. Rev. Stat. § 134-2(e)).

The Honorable J. Michael Seabright
August 5, 2014
Page 3


      We appreciate the Court's consideration and time.  Counsel for Plaintiff, the State and the City stand ready to meet with the Court to address any concerns that it may have regarding this proposed course of action.

                                      Respectfully submitted,

                                      */s/ Lisa W. Cataldo*

                                      Lisa W. Cataldo
                                      Ernest H. Nomura
                                      Deputies Corporation Counsel
                                      Attorney for City and County of Honolulu


CONCUR:


*/s/ Richard L. Holcomb*

Richard L. Holcomb
Attorney for Plaintiff
Steve Fotoudis


*/s/ Kendall J. Moser*

Kendall J. Moser
Deputy Attorney General
Attorney for State of Hawaii and
Attorney General David Louie