DAVID M. LOUIE                2162
Attorney General of Hawaii

CARON M. INAGAKI             3835
KENDALL J. MOSER             6515
Deputy Attorneys General
Department of the Attorney
  General, State of Hawaii
425 Queen Street
Honolulu, Hawaii 96813
Telephone: (808) 586-1494
Facsimile: (808) 586-1369
E-Mail: Kendall.J.Moser@hawaii.gov

Attorneys for Defendant
DAVID LOUIE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STEVE FOTOUDIS,<br><br>                    Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU; LOUIS KEALOHA, CHIEF OF THE HONOLULU POLICE DEPARTMENT, IN HIS OFFICIAL CAPACITY; AND DAVID LOUIE, ATTORNEY GENERAL OF HAWAII, IN HIS OFFICIAL CAPACITY,<br><br>                    Defendants. | CIVIL NO. 14-00333 JMS-RLP<br><br>DEFENDANT DAVID LOUIE'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND FOR PERMANENT INJUNCTIVE RELIEF AND INCORPORATED MEMORANDUM OF LAW; CERTIFICATE OF SERVICE<br><br>ECF No. 29 |

## DEFENDANT DAVID LOUIE'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND FOR PERMANENT INJUNCTIVE RELIEF AND INCORPORATED MEMORANDUM OF LAW

Defendant David Louie, Attorney General of Hawaii, by and through his attorneys, Caron M. Inagaki and Kendall J. Moser, Deputy Attorneys General, hereby submits his opposition to Plaintiff Steve Fotoudis' Motion for Summary Judgment and for Permanent Injunctive Relief and Incorporated Memorandum of Law filed on August 22, 2014 (ECF No. 29).

### I. INTRODUCTION

In this 42 U.S.C. § 1983 action, Plaintiff, a permanent resident alien, complains that he was denied the opportunity to apply for a permit to acquire a firearm in violation of the Second and Fourteenth Amendments to the United States Constitution. Plaintiff has brought suit against David Louie, the Attorney General of the State of Hawaii in his official capacity, as well as against the City and County of Honolulu and the Chief of Police, and seeks declaratory and injunctive relief. In his Motion, Plaintiff requests that this Court:

1. Grant summary judgment in his favor and hold that his Second and Fourteenth Amendment rights are and have been violated; and

2. Permanently enjoin Defendants, their agents, employees, servants, contractors, and all who have notice of the injunction from refusing to allow

Plaintiff and/or permanent resident aliens from applying for permits to acquire firearms pursuant to Hawaii Revised Statutes § 134-2(d). See Motion at page 1.

For purposes of Plaintiff's Motion, counsel for the parties stipulated to the following facts:

1. Plaintiff is a lawfully admitted permanent resident of the United States who at all material times has resided in the City and County of Honolulu.

2. Plaintiff holds a Form I-551 green card as well as a United States Social Security Administration card.

3. Plaintiff intends to become a naturalized citizen of the United States.

4. Plaintiff desires to possess an operational firearm or firearms and ammunition for lawful purposes, including in his home for self-defense.

5. On July 10, 2014, Plaintiff went to the Honolulu Police Department and attempted to apply for a permit to acquire a firearm.

6. Plaintiff was not allowed to apply for a permit to acquire a firearm because he is not yet a citizen of the United States.

7. Haw. Rev. Stat. § 134-2(d) states in pertinent part that, with limited exceptions that are inapplicable to Plaintiff, the chiefs of police of the counties in Hawaii may only issue permits to acquire firearms to citizens of the United States. See Stipulated Facts filed on August 22, 2014 (ECF No. 27).

For the following reasons and authorities, the relief Plaintiff requests in his Motion should be denied.

## II. STANDARD OF REVIEW

"[I]njunctive relief is an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 22 (2008). In order to obtain a preliminary injunction, the moving party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20.

A plaintiff seeking preliminary injunctive relief must "demonstrate that irreparable injury is likely in the absence of an injunction[;]" the mere possibility of irreparable harm is insufficient. Id. at 22. If shown, courts must then "balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Id. at 24. The court "should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." Id. "When the reach of an injunction is narrow, limited only to the parties, and has no impact on non-parties, the public interest will be 'at most a neutral factor in the analysis rather than one that favor[s] [granting or] denying the preliminary injunction.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1138-39 (9th Cir. 2009) (quoting Bernhardt v. Los Angeles County, 339 F.3d 920, 931 (9th Cir. 2003)). "If, however, the impact of an injunction reaches beyond the parties, carrying with it a potential for public consequences, the public

4

interest will be relevant to whether the district court grants the preliminary injunction." Stormans, 586 F.3d at 1139. "[Where] an injunction is asked which will adversely affect a public interest . . . the court may in the public interest withhold relief until a final determination of the rights of the parties, though the postponement may be burdensome to the plaintiff." Weinberger v. Romero-Barcelo, 456 U.S. 305, 312-13 (1982).

When a party seeks more than maintaining the status quo, and seeks mandatory injunctive relief, the moving party must show that the law and facts clearly favor granting such relief. Stanley v. University of Southern California, 13 F.3d 1313, 1320 (9th Cir. 1994).

III. ARGUMENT

Plaintiff Is Not Likely to Succeed on the Merits.

Pursuant to Hawaii Revised Statutes § 134-2(d), Plaintiff will first need to obtain United States citizenship before applying for a permit to acquire a firearm or firearms. Plaintiff has indicated that he intends to become a naturalized citizen. See Stipulated Fact no. 3 above. He points to no authority in the Ninth Circuit which supports his assertion that non-citizens have a right to acquire firearms, and based on Defendant's research Defendant is independently unaware of any such authority.

Plaintiff refers to District of Columbia v. Heller, 554 U.S. 570 (2008). Defendant notes that in Heller, the Supreme Court held that a total prohibition on

handguns within the home "[made] it impossible for **citizens** to use them for the core lawful purpose of self-defense and [was] hence unconstitutional." Id. at 630 (emphasis added). In McDonald v. City of Chicago, 561 U.S. 742, ___, 130 S.Ct. 3020, 3044 (2010), the Court stated that Heller's "central holding" was "that the Second Amendment protects a personal right to keep and bear arms for lawful purposes, most notably for self-defense within the home." The Court also explained in Heller that "the right secured by the Second Amendment is not unlimited." 554 U.S. at 626.

In analyzing Plaintiff's Motion, it is important to understand what Heller and McDonald stand for -- that citizens have the right to protect themselves within their homes. As one court put it:

> The language we have quoted warns readers not to treat Heller as containing broader holdings than the Court set out to establish: that the Second Amendment creates individual rights, one of which is keeping operable handguns at home for self-defense. What other entitlements the Second Amendment creates, and what regulations legislatures may establish, were left open. The opinion is not a comprehensive code; it is just an explanation for the Court's disposition. Judicial opinions must not be confused with statutes, and general expressions must be read in light of the subject under consideration.

United States v. Skoien, 614 F.3d 638, 640 (7th Cir. 2010) (en banc), cert. denied, 131 S.Ct. 1674 (2011).

Long-standing state law provides that in Hawaii those who are United States citizens may apply for a permit to acquire a firearm. Nothing in the

6

Supreme Court's jurisprudence requires the Defendants to allow non-citizens to either apply for or be issued a permit to acquire a firearm. As stated above, when a party seeks more than maintaining the status quo, and seeks mandatory injunctive relief, as here, the moving party must show that the law and facts clearly favor granting such relief. <u>Stanley v. University of Southern California</u>, 13 F.3d 1313, 1320 (9th Cir. 1994). Plaintiff fails to make the required showing. Accordingly, his Motion should be denied.

IV. <u>CONCLUSION</u>

Based on the above stated reasons and authorities, Defendant respectfully requests that Plaintiff's Motion be denied.

DATED: Honolulu, Hawaii, August 29, 2014.

STATE OF HAWAII

DAVID M. LOUIE
Attorney General
State of Hawaii

/s/ Kendall J. Moser
KENDALL J. MOSER
Deputy Attorney General

Attorney for Defendant
DAVID LOUIE