# MINUTE ORDER

| | |
|---|---|
| CASE NUMBER: | CV 14-00333JMS-RLP |
| CASE NAME: | Fotoudis v. City and County of Honolulu et al |
| ATTYS FOR PLA: | |
| ATTYS FOR DEFT: | |
| INTERPRETER: | |

| | | | |
|---|---|---|---|
| JUDGE: | J. Michael Seabright | REPORTER: | |
| DATE: | 09/15/2014 | TIME: | |

COURT ACTION: EO:   In preparing the Order on Plaintiff's Motion for Summary Judgment and for Permanent Injunction, the court has focused closely on the language of HRS § 134-2(d), and is now inclined to conclude that the statute is unconstitutional *as-applied* to Plaintiff, but *not* conclude that it is *facially* unconstitutional (and, accordingly, the court would limit a permanent injunction specifically as to applications to acquire firearms by Plaintiff).

A facial challenge requires "establish[ing] that no set of circumstances exists under which the [challenged statute] would be valid," *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 449 (2008) (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)), or that the statute "lacks any 'plainly legitimate sweep.'" *United States v. Stevens*, 559 U.S. 460, 472 (2010) (citation omitted).  Although § 134-2(d) uses the term "alien," it does not distinguish between lawful permanent resident aliens -- such as Plaintiff -- and illegal or temporary aliens.  That is, § 134-2(d) may well satisfy constitutional scrutiny as to some types of aliens such that the court cannot conclude that "no set of circumstances exist under which" the statute would be valid.  *See, e.g.*, *Fletcher v. Haas*, 851 F. Supp. 2d 287, 291 n.7 (D. Mass. 2012) (distinguishing a facial and as-applied challenge by a lawful permanent resident to a Massachusetts firearm regulation because "the regime could be constitutionally applied to an illegal alien or a lawfully admitted alien who does not establish residence in Massachusetts"); *Smith v. South Dakota*, 781 F. Supp. 2d 879, 883 (D. S.D. 2011) (rejecting a facial challenge by a lawful permanent resident to a South Dakota firearms statute because it "could be constitutionally applied if the applicant were an illegal alien").

The court recognizes that such a conclusion might depart somewhat from Plaintiff's Motion and the stipulated injunctive language (and that the parties might not have not focused on a distinction between a facial and as-applied challenge). Accordingly, the court will hold a hearing on **Tuesday, September 16, 2014 at 9:00 a.m.** to discuss the scope of a permanent injunction.  The parties should be prepared to discuss whether they disagree with the court's inclinations, and whether such conclusions will affect the scope of the stipulated injunction.


Submitted by: Theresa Lam, Courtroom Manager