IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STEVE FOTOUDIS, | ) CASE NO. 1:14-cv-00333 JMS-RLP |
| Plaintiff, | ) |
| vs. | ) DECLARATION OF ALAN A. BECK |
| | ) IN SUPPORT OF MOTION |
| CITY AND COUNTY OF HONOLULU, | ) FOR ATTORNEYS' FEES |
| | ) |
| LOUIS KEALOHA, in his official capacity, and | ) |
| | ) |
| DAVID LOUIE, in his official capacity, | ) |
| | ) |
| Defendants. | ) |

**DECLARATION OF ALAN A. BECK**
**IN SUPPORT OF MOTION FOR ATTORNEYS' FEES**

1. I am an attorney duly licensed to practice law in the State of Hawai'i and before the District Court for the District of Hawai'i as well as the Ninth Circuit Court of Appeals and the United States Supreme Court. This declaration is made to the best of my knowledge and based on personal knowledge of the matters set forth herein.

2. I am an attorney of record for the Plaintiff, Steve Fotoudis, in the above-captioned case.

1

3. I reviewed the foregoing Memorandum in Support of the Motion for Attorneys' fees and believe that all of the factual averments in that Memorandum are true and accurate to the best of my knowledge. This includes but is not limited to the Statement of Facts and Procedural History portion(s) of the Memorandum.

## SETTLEMENT

4. As detailed in the foregoing Memorandum and the attached Timesheet, in order to minimize Attorneys' fees and costs, I have made diligent efforts to settle this case.

5. Although I reduced the amount I believed that I was entitled to and based the offer to settle on the billing rate previously set by this Court for Attorney Holcomb and I, the City stated without explanation that our offer was "too high". We again reduced the rate by $700 and never received a response from Defendants as to this offer.

6. Once the Motions were filed and without any response from Defendants, we raised the amount of the offer as we had warned them we would do. We never received any response to that offer.

7. I have exercised extraordinary billing discretion in this case.

## BIOGRAPHICAL INFORMATION

8.  I graduated from the University of California, San Diego where I studied political science emphasizing in game theory.

9.  I also graduated from Remington College where I studied Computer Information Systems.

11. I received my juris doctor from the University Of San Diego School Of Law.

10. I am a veteran of the United States Marine Corps.

11. I am admitted to the Ninth Circuit Court of Appeals and assisted Mr. Holcomb draft the briefs in a very important Second Amendment case originating from this Court.

13. I have been a part of every single Second Amendment case stemming from this Court. I also have written and submitted complete briefings in a Ninth Circuit appeal styled *George Young v. State of Hawaii*, 12-17808. I have entered as plaintiff's counsel in *Fisher v. Kealoha*, 14-16514, and am currently drafting the Opening Brief in the United States Court of Appeals for the Ninth Circuit. I also was granted a Temporary Restraining Order against the BATFE in a case styled *Lycurgan, Inc., v. B. Todd Jones et. al.*, Case No.:14-cv-00548-JLS-BGS. In that case, I am challenging the BATFE's ongoing violation of the Constitution's safeguards in relatation to homebuilt firearms.

12. Other than perhaps Attorney Holcomb, I am aware of no other lawyer in Hawaii (or elsewhere) with this degree of experience in challenging Second Amendment rights through § 1983 actions in this District.

## BASIS FOR REQUESTED RATE

13. For purposes of calculating attorneys' fees in this action, I have therefore determined a reasonable hourly rate for my services in this district, as further described below.

14. Looking to all available sources, including the *Laffey* Matrix, published and unpublished cases from this Court and other courts, the prevailing cost of living in Hawai'i, and the novelty of the case involved, I have selected $275/hour as a reasonable hourly rate in this matter.

15. As described extensively in the accompanying memorandum, I believe this to be a reasonable rate for my services in a case such as this. I have dedicated my career to pursuing cases for actual human beings who were being exploited and abused by government or corporate entities and/or prosecuted, often unjustly, by state and federal governments. People that I have represented in cases similar to the instant case cannot find legal representation because few lawyers will take a righteous case if it means numerous hours of under- or un-compensated effort, especially if it is

unpopular (as is this one) or not newsworthy. I find it difficult to accept that tyrannically abridging the Second and Fourteenth Amendments of the Bill of Rights in a systemically discriminatory way, and over a long period of time can ever be a "little" case or unworthy of the courts' attention, even in the absence of significant financial damages.

16. I would be unable to represent most of my Hawaii clients if Mr. Holcomb were unwilling or unable to co-counsel with me due to cost of travel from my San Diego home to Hawaii.

17. As a solo practitioner with an otherwise full caseload, these cases have also placed a significant strain on my practice and family life.

18. A fee structure that punishes lawyers for focusing their efforts on significant, systematic societal harms committed by government forces creates a significant dilemma for the civil rights attorney: do I practice only in a jurisdiction where the cost of living is lower so that I can pursue those cases diligently? Or, do I simply refuse to accept cases when I know that I will be grossly underpaid for the time and effort that I necessarily expend to fight for the rights of the "little guy" in the "little" case? I have made significant efforts to alter my practice in such a way that I can focus primarily on civil rights violations and the prosecution of other violations of federal law. where my compensation cannot be supplemented by a contingency fee on a

5

damages award, particularly those such as this, that require an extraordinary amount of work.

19. I believe the rate that I am requesting, *i.e.*, $275 per hour, is a fee I could demand from paying clients and, therefore, is required to be awarded in civil rights cases.

20. I rely on the Declaration of Kevin O'Grady in part to support my requested fees. Mr. O'Grady demands a minimum of $350 per hour in matters as straightforward as quasi-criminal TRO hearings.

21. Nevertheless, I have been previously awarded $150 per hour by this Court in another civil rights case.

22. For the reasons set forth in the accompanying memorandum and the Declaration of Mr. Holcomb which I adopt and incorporate, I believe the $150 per hour rate leaves me grossly underpaid.

23. I believe that civil rights attorneys deserve a rate consistent with what the City pays its outside attorneys. I have requested less than the City pays its most inexperienced outside attorneys.

24. I believe the current system of awarding rates to civil rights attorneys is unfair and impermissible. I am requesting only the rate at which I can demand in today's market. Moreover, the rate I am requesting is

indisputably lower than the rate that the City pays its own most inexperienced outside attorneys.

## HOURS EXPENDED

25. I have reviewed and approved the time and charges set forth in the itemization of work performed in this case, and affirm to the best of my knowledge that the time spent and expenses incurred were reasonable and necessary under the circumstances.

26. I have attached as **Exhibit Ten** a true an exact copy of my timesheet, which has been "categorized" pursuant to Local Rule 54.3(d)(1). I believe the entries to be accurate and as detailed as possible.

27. I have also exercised discretion in declining to bill for a significant number of hours that I have or could have expended on this case. I have spent a lot of time planning this case which I am not asking any money for.

28. I have made a good faith effort to negotiate attorneys' fees with the Defendant. I have offered to settle my interests in attorneys' fees for a significantly reduced amount. My offer was rejected, once again resulting in unnecessary and protracted litigation.

29. Up to and including the instant motion and supporting declarations and having exercised billing judgment, I have reasonably expended 15.7 hours pursuing this matter after having exercised billing discretion.

30. As such, the total value of reasonable attorneys' fees attributable to my participation in this case is $4,317 dollars. If I were awarded the rate previously awarded ($150 per hour), my total award would be $2,335.

31. Hawaii's GET tax will leave me with a 4.712% liability. Regardless of the amount awarded, I am requesting this Court award the full GET tax amount in addition to the awarded fee. The following, using the amounts specified above, illustrates both the GET amount and the total award depending on the amount the Court awards:

|      | Awarded Amount + | GET Tax | = | Total Award |
|------|------------------|---------|---|-------------|
| @275 | $4,317    +      | $203.42 | = | $4520.42    |
| @150 | $2335     +      | $110.00 | = | $2445.00    |

I am seeking a total attorneys' fees award of $4520.42 for my involvement in this case.

I, Alan Beck, declare under penalty of perjury under the laws of the state of Hawai'i that the forgoing is true and correct to the best of my knowledge.

DATED: San Diego; September 25, 2014.

Alan Beck
Attorney for Plaintiffs

8