### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STEVE FOTOUDIS,<br><br>                Plaintiff,<br>  vs.<br><br>CITY AND COUNTY OF HONOLULU;<br><br>LOUIS KEALOHA, in his official capacity; and<br><br>DAVID LOUIE, in his official capacity,<br><br>                Defendants.<br>_____ | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. 1:14-cv-00333 JMS-RLP<br><br>MEMORANDUM IN SUPPORT OF BILL OF COSTS |

**MEMORANDUM IN SUPPORT OF**
**<u>BILL OF COSTS</u>**

## A. Statement of Facts

Plaintiff Steve Fotoudis is a lawfully admitted permanent resident of the United States who resides in Honolulu. [Docs. 27 ¶ 1; 37, p. 3] Mr. Fotoudis holds a form I-551 green card as well as a United States Social Security Administration Card and intends to become a naturalized citizen of the United States. [Docs. 27 ¶¶ 2, 3; 37, pp. 2-3] Mr. Fotoudis desires to possess an operational firearm or firearms and ammunition for lawful purposes, including in his home for self-defense. [Docs. 27 ¶ 4; 37, p. 3]

On July 10, 2014, Mr. Fotoudis went to the Honolulu Police Department and attempted to apply for a permit to acquire a firearm. [Docs. 27 ¶ 5; 37, p. 3] Mr. Fotoudis was not permitted to apply for a permit to acquire pursuant to Section 134-2(d) of the Hawaii Revised Statutes because Mr. Fotoudis is not yet a citizen of the United States. *See* Haw.Rev.Stat. § 134-2(d) (imposing a citizenship requirement on applicants for permits to acquire); [Docs. 27 ¶¶ 5-7; 37, p. 3]

## B. Procedural Background

> Plaintiff filed this action on July 24, 2014, seeking a temporary restraining order ("TRO") and preliminary injunction. *See* Doc. Nos. 1 (Verified Compl.), 5 (Motion for TRO), 6 (Motion for Preliminary Injunction). After a July 30, 2014 status conference with the court, the parties agreed to certain relief that rendered moot the Motions for TRO and preliminary injunction. The parties also jointly requested that 'the court determine the constitutionality of [HRS] § 134-2(d)' based on stipulated facts without further briefing or argument. *See* Doc. No. 24, Aug. 5, 2014 ltr. At 2.

1

> Based on subsequent agreement, on August 22, 2014, Plaintiff filed the FAC ["First Amended Complaint"], Stipulated Facts, as well as the current Motion for Summary Judgment and for Permanent Injunctive Relief. Doc. Nos. 26, 27, 29. On August 29, 2014, Louie filed an Opposition, and the City filed a statement taking no position regarding the Motion. Doc. Nos. 31, 32. Stipulated proposed language as to the scope of an injunction was provided to the court on August 29, 2014, and during a September 16, 2014 status conference the parties agreed to modify that language. *See* Doc. Nos. 34-36. The Court determine[d] the matter under Local Rule 7.2(d) without a hearing.

[Doc. 37, pp. 5-6][1]

On September 17, 2014, this Court issued an Order granting Mr. Fotoudis' Motion for Summary Judgment and for Permanent Injunctive Relief. [Doc. 37] This Court specifically found that "denying Fotoudis the opportunity to apply for (and to obtain) a permit merely because he is a lawful permanent resident and not a U.S. citizen 'is not a narrowly tailored means of achieving that goal.' . . . Accordingly, Fotoudis has succeeded in proving a violation of equal protection – he was denied an opportunity to apply for a permit to acquire firearms based solely

---

[1] During this entire process and other than Louie's opposition (which was obviously fruitless and to which Mr. Fotoudis did not respond), the only argument made by the defense was that the Complaint somehow failed to state a case or controversy. The crux of the defense argument was that Mr. Fotoudis *was permitted* by law to apply to register his firearms pursuant to Section 134-3 of the Hawaii Revised Statutes. Yet, this argument ignores that Mr. Fotoudis was not permitted to apply pursuant to any statute and the original Complaint plainly so alleges. [Doc. 1] Nevertheless, in order to ensure that there could be no argument as to whether a case or controversy existed, the Court requested and counsel did amend the complaint. Moreover, because the Defendants agreed to permit Mr. Fotoudis to apply for a permit pursuant to Section 134-3, Mr. Fotoudis did agree to decline further pursuit of the requested pre-judgment injunctive relief.

on his status as a lawful permanent resident alien." [Doc. 37, pp. 11-12] And, "[s]imilarly, interpreting § 134-2(d) to deny Fotoudis the opportunity to apply for (and to obtain, if otherwise qualified) a permit to acquire firearms, solely because he is not a U.S. citizen, also violates the Second Amendment." [Doc. 37, p. 12] Further, this Court awarded Mr. Fotoudis the full permanent injunctive relief he requested. [Doc. 37, pp. 16-17]

Judgment was entered on September 17, 2014. [Doc. 38]

### C.  Mr. Fotoudis is the prevailing party.

"A typical formulation [of prevailing party status] is that 'plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "In short, a plaintiff prevails when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111 (1992); *see also Buckhammon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 600-11 (2001) (a "judicially sanctioned change in the legal relationship between the parties" supports a fee award).

Here, Mr. Fotoudis received the complete relief he requested via an Order and Judgment entered by the Court. Mr. Fotoudis is the prevailing party.

## D. MR. FOTOUDIS IS ENTITLED TO TAXATION OF COSTS

Mr. Fotoudis is entitled to costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, which states:

> Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party.

Not only is Mr. Fotoudis unaware of any statute, rule or order that would preclude his recovery of costs, 42 U.S.C. § 1988 implicitly requires a reimbursement of costs and even allows a recovery of attorneys' fees "as part of the costs." Mr. Fotoudis is undeniably entitled to costs.

## E. CONCLUSION

Mr. Foutoudis requests that this Court enter an Order taxing costs in the amount of $515.65 against Defendants.

DATED: Honolulu, Hawaii; September 29, 2014.

                                       *s/Richard L. Holcomb*
                                       Richard L. Holcomb
                                       Attorney for Plaintiff