IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| STEVE FOTOUDIS, | ) | CIVIL NO. 14-00333 JMS-RLP |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING PLAINTIFF'S BILL OF |
| vs. | ) | COSTS |
| | ) | |
| CITY AND COUNTY OF HONOLULU, | ) | |
| ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S BILL OF COSTS[1]

Before the Court is Plaintiff Steve Fotoudis' Bill of Costs filed on September 29, 2014 ("Bill of Costs").  ECF No. 41.  Plaintiff requests $515.65 in costs.  Id.  Defendant City and County of Honolulu filed an Objection to the Bill of Costs on September 30, 2014.  ECF No. 42.  Plaintiff filed his Reply on the same day.  ECF No. 43.

The Clerk entered judgment in favor of Plaintiff based on the court's order granting Plaintiff's motion for summary judgment and for permanent injunctive relief on September 17, 2014.  See ECF No. 37. Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs — other than

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation.  If no objections are filed, no appellate review will be allowed.

attorney's fees — should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).

Defendant only objects to the copying costs requested by Plaintiff. See ECF No. 42. Section 1920(4) allows for the taxation of costs for copying papers "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Local Rule 54.2(f)(4) specifies that the requesting party must "submit[] an affidavit describing the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied." LR54.2(f)(4). Local Rule 54.2(f)(4) also states that the cost of copies "obtained for the use and/or convenience of the party seeking recovery and its counsel is not taxable." LR54.2(f)(4).

Based on the information provided by Plaintiff's counsel, several of the copies requested were for use by Plaintiff and Plaintiff's counsel, which are not recoverable under Local Rule 54.2(f)(4). See ECF No. 41-2 ¶¶ 5-6; ECF No. 43. Specifically, the $0.45 in copying costs requested for a copy of the contract between Plaintiff and Plaintiff's counsel are not recoverable under Local Rule 54.2(f)(4). Also, the requested costs for copies of various court filings for Plaintiff's counsel's files are similarly not recoverable. See LR54.2(f)(4). Plaintiff requests costs for six sets of court documents: one set for each of the three Defendants who were served with hard copies of these filings, two sets for courtesy

copies to the court, and one set for Plaintiff's counsel's file. See ECF No. 41-2 ¶ 6.  The $19.20 in costs for the one set of documents for Plaintiff's counsel's file (128 pages at $0.15 per page) are not recoverable.  See LR54.2(f)(4).  In total, the Court FINDS that Plaintiff is entitled to $496.00$^2$ in costs.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, OCTOBER 14, 2014.



Richard L. Puglisi
United States Magistrate Judge

**FOTOUDIS V. CITY AND COUNTY OF HONOLULU, ET AL., CIVIL NO. 14-00333 JMS-RLP; FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S BILL OF COSTS**

---

[2] $400.00 in uncontested filing fees + ($115.65 in copying costs requested - $0.45 for copies for Plaintiff - $19.20 for copies for Plaintiff's counsel's file = $96.00) = $496.00 in taxable costs.